

# THE ATTORNEY GENERAL
## OF TEXAS

Grover Sellers

**AUSTIN 11, TEXAS**

~~XXXXXXXXXXXXXXXX~~
ATTORNEY GENERAL

Hon. W. J. Townsend
County Attorney
Angelina County
Lufkin, Texas

Dear Sir:

Opinion No. O-6349
Re: Passenger automobile used as
commercial motor vehicle must be
registered as commercial motor ve-
hicle, and operator of said auto-
mobile is required to hold a com-
mercial operator's license.

　　　　We have received your recent request for an opinion,
quoted as follows:

　　　　"I beg leave to advise that there is a
citizen of this county operating his passenger
automobile on the state highways of this section
of the state, transporting and delivering mer-
chandise therefrom to merchants only.

　　　　"I have advised him that it is illegal for
him to thus use his passenger automobile, licensed
as such, for the purposes of transporting and de-
livering merchandise therefrom, and that in order
for him to use or drive any motor vehicle lawfully
for the purpose of transporting and delivering mer-
chandise therefrom to merchants, that he must first
have license as a 'Commercial Operator', as shown
by paragraph (N) of the Texas Highway laws.

　　　　"Please advise me as to your construction of
this law. May any one use lawfully his passenger
automobile, as a vehicle for the transporting and
delivering merchandise therefrom, over the highways
of this state, without first taking out a 'Commer-
cial Operators' license?"

　　　　Article 6675a-1, (1), Vernon's Annotated Civil Stat-
utes, defines a "commercial motor vehicle" as "any motor vehi-
cle (other than a motorcycle or passenger car) designed or used
primarily for the transportation of property, including any
passenger car which has been reconstructed so as to be used,
and which is being used, primarily for delivery purposes, with
the exception of passenger cars used in the delivery of the
United States mails." (underscoring added)

Art. 6687b, Section 1, (n), V.A.C.S., defines a "commercial operator" as "every person who is the driver of a motor vehicle designed or used for the transportation of property, including all vehicles used for delivery purposes, while said vehicle is being used for commercial or delivery purposes." (underscoring added)

The said next above articles are "in pari materia", and will, therefore, be taken, read and construed together, and any conflict between their provisions will be harmonized, if possible. See 39 Tex.Jur. 254.

Our Opinion No. O-3936 holds in regard to a similar question that the test to be applied under the foregoing definition of a "commercial operator" is the use to which the vehicle is being put. We believe this test is also applicable to the foregoing definition of a "commercial motor vehicle." We herewith enclose a copy of said Opinion No. O-3936.

The question to decide is whether the vehicle is being used primarily for commercial or delivery purposes in the transportation of property. This fact we leave to the determination of the proper authorities in each case.

Therefore, it is our opinion that a passenger automobile, which is being used primarily as a commercial motor vehicle, should be registered as a commercial motor vehicle, and the operator of same is required to hold a commercial operator's license.

We trust the foregoing fully answers your question.

APPROVED MAY 12, 1945
/s/ Carlos C. Ashley
FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED: OPINION COMMITTEE
BY:      BWB, CHAIRMAN

RLL:LJ:wb

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Robert L. Lattimore, Jr.
Robert L. Lattimore, Jr.,
                    Assistant